MERCADO, PETITIONER, *v.* LÓPEZ ACOSTA, DISTRICT JUDGE, RESPONDENT.

PETITION for a Writ of Certiorari to the District Court of Guayama in a Prosecution for Conspiracy.

No. 204.—Decided February 2, 1918.

CONSPIRACY—CONSTITUTIONAL LAW—GRAND JURY—ACADEMIC QUESTION.—The constitutional right to the intervention of a grand jury has not been extended to Porto Rico; therefore it would be of merely academic interest to consider in this case whether conspiracy is an infamous crime for the purpose of determining whether the defendant is within the terms of the said constitutional provision.

The facts are stated in the opinion.

*Messrs. José A. Poventud* and *Gustavo Rodríguez* for the petitioner.

The respondent appeared *pro se.*

MR. JUSTICE DEL TORO delivered the opinion of the court.

The petitioner was charged with the crime of conspiracy by the district attorney of Guayama and upon being arraigned moved that the information be quashed on the ground

that it had not been found by a grand jury. The petitioner alleged that by virtue of the new Organic Act of Porto Rico, approved March 2, 1917, the Island had been incorporated into the United States and therefore the constitutional provision that no person shall be held to answer for an infamous crime unless on a presentment or indictment of a grand jury, applied. The court overruled the petitioner's motion.

After that ruling by the district court this court decided the case of *Muratti* v. *Foote,* 25, P. R. R. 527, in which it was held that Porto Rico was an organized and incorporated territory of the United States, and defendant Mercado moved the District Court of Guayama to reconsider its former decision. The district court recognized the force of the doctrine laid down by this court, but denied the reconsideration asked for because it did not consider that conspiracy is an infamous crime. The petitioner thereupon petitioned this court for a writ of certiorari and the writ having been issued and a hearing held, the case was finally submitted for our consideration and decision.

As is seen, two questions are involved in the appeal, namely, whether the Constitution of the United States is in force in Porto Rico in all its parts by virtue of the Act of Congress of March 2, 1917, and whether, conceding that it is, conspiracy is an infamous crime. The second question, however, is entirely subordinate to the first.

If the Constitution, which insures the right to a grand jury, is not in force in Porto Rico, it would be of merely academic interest to consider whether or not the crime of conspiracy with which the petitioner was charged is infamous for the purpose of bringing the defendant within the terms of the said Constitution.

The decision of this court in the *Muratti* case, *supra,* was appealed to the Supreme Court of the United States. The appeal was decided on January 21, 1918. The Supreme Court simply reversed the judgment of this court on the authority of the case of *People* v. *Tapia,* which was decided on the

same day by a *per curiam* decision, citing the cases of *Downes* v. *Bidwell*, 182 U. S. 244; *Hawaii* v. *Mankichi*, 190 U. S. 197; *Dorr* v. *United States*, 195 U. S. 138; *Rasmussen* v. *United States*, 197 U. S. 516; *Kopel* v. *Bingham*, 211 U. S. 468; *Dowdell* v. *United States*, 221 U. S. 91; *Porto Rico* v. *Rosaly*, 227 U. S. 270, 274; *Ocampo* v. *United States*, 234 U. S. 91, 98. *Official Bulletin*, No. 214.

As is seen, the original basis on which the petitioner rested his petition has been swept away by virtue of the judgment of the Supreme Court of the United States of January 21 cited above. Applying the said judgments to this case, no other course is left but to annul the writ of certiorari issued and remand the original record in the case of *People* v. *Rafael Arcelay and Julio Mercado* for conspiracy to the district court of its origin for further proceedings in accordance with the law.

*Writ discharged.*

Justices Wolf and Hutchison concurred.

Chief Justice Hernández and Justice Aldrey took no part in the decision of this case.